IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRAD MOLNAR,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFF WELBORN, in his official capacity as a member of the Montana Public Service Commission; JENNIFER FIELDER, in her official capacity as a member of the Montana Public Service Commission; and ANNIE BUKACEK, in her official capacity as a member of the Montana Public Service Commission,<br><br>Defendants. | CV 26–41–H–DWM<br><br><br>ORDER |

On May 6, 2026, Montana Public Service Commissioners Jeff Welborn, Jennifer Fielder, and Annie Bukacek (collectively, "Defendants") voted to physically bar Commissioner Brad Molnar from the Public Service Commission building. (Doc. 1 at ¶ 2.) On May 11, 2026, Molnar filed suit against Defendants, asserting a First Amendment retaliation claim. (*See generally id.*) That same day, Molnar filed a motion for a temporary restraining order, asking that Defendants be enjoined from preventing him from attending a May 12, 2026 hearing on the proposed $3.6 billion merger between NorthWestern Energy and Black Hills

1

Energy (the "Northwestern Energy merger hearing"). (*Id.* ¶ 1; Docs. 3, 4.) That motion is granted.

> Pursuant to Rule 65 of the Federal Rules of Civil Procedure,
>
> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). While "circumstances justifying the issuance of an ex parte order are extremely limited," *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006), the standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant must show a likelihood of success on the merits, a likelihood of irreparable injury, that the balance of equities favors preliminary relief, and that preliminary relief is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). If a plaintiff can raise "serious questions going to the merits" and "demonstrate a balance of hardships that tips sharply towards [him]," the plaintiff is entitled to a temporary restraining order so long as the other *Winter*

2

factors are met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Such a showing has been made here.

As a threshold matter, Molnar's counsel has included a written certification describing his attempts to ensure Defendants are served with this matter. (*See* Doc. 3 at 2.) And the Verified Complaint outlines the "immediate and irreparable injury" that will be suffered if Commissioner Molnar, a duly elected public official, is not able to attend the Northwestern Energy merger hearing that begin tomorrow morning at 9:00 a.m. Physically excluding Molnar from the Commission building prevents him from attending the Northwestern Energy merger hearing in person, which prevents him from effectively representing his constituents at that hearing. Molnar has persuasively argued, at least at this stage, that remote attendance does not obviate this harm as he "cannot consult with staff in real time, cannot observe witness demeanor and hallway dynamics, and cannot confer quietly with counsel at the table as testimony unfolds." (Doc. 4 at 30.) As an elected official, denying Molnar's physical presence and participation at the hearing constitutes immediate, irreparable harm. The requirements of Rule 65(b)(1) have therefore been met.

Molnar has also raised serious questions going to the merits. "As a general matter, the First Amendment prohibits government officials from subjecting individuals to retaliatory actions after the fact for having engaged in protected

3

speech." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Houston Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022)) (alteration omitted). "If an official takes adverse action against someone based on that forbidden motive, and non-retaliatory grounds are in fact insufficient to provoke the adverse consequences, the injured person may generally seek relief by bringing a First Amendment claim." *Id.* (quoting *Wilson*, 595 U.S. at ). "An elected official may . . . raise a First Amendment retaliation claim." *Id.* In such an action, the elected official

> has the initial burden of pleading and proving (1) he engaged in constitutionally protected activity; (2) as a result he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Id.* at 775 (internal quotation marks omitted). Once such a showing has been made, "the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of." *Id.* at 778 (quoting *Hartman v. Moore*, 547 U.S. 250, 260 (2006)). "If there is a finding that retaliation was not the but-for cause of the adverse action, the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind." *Id.* (quoting *Hartman*, 547 U.S. at 260).

4

At this stage of the proceeding, Commissioner Molnar has shown all three prongs are met. Molnar publicly criticized the Public Service Commission on a variety of issues, including both how it handled the complaints against him and how it permitted closed-door meetings with Northwestern Energy officials. Because these statements are constitutionally protected, the first prong is satisfied. *See id.* at 775 (noting that this requirement "is readily met when elected officials express their views and opinions"). "The second prong of the prima facie case [of retaliation] is satisfied if the elected official was subjected a 'materially adverse action.'" *Boquist*, 32 F.4th at 775 (quoting *Wilson*, 595 U.S. at 479). "[A]n adverse action against an elected official is material when it prevents the elected official from doing his job, deprives him of the authority he enjoyed by virtue of his popular election, or otherwise prevents him from enjoying the full range of rights and prerogatives that came with having been publicly elected." *Id.* at 777 (cleaned up) (internal citations omitted). Here, Molnar has been physically excluded from the Commission building days before a major hearing regarding a large utility company merger. This element is therefore met.

"Finally, to establish the third prong of a prima facie case for First Amendment retaliation—which requires the plaintiff to show a causal relationship between the protected conduct and the materially adverse action—the plaintiff must show that the 'protected conduct played a part, substantial or otherwise,' in

the defendant's wrongdoing." *Boquist*, 32 F.4th at 777 (quoting *Nieves v. Bartlett*, 547 U.S. 391, 399 (2019)). While the evidence of this causal connection can be direct, "courts have also given weight to circumstantial evidence such as a proximity in time between the protected speech and the adverse action, the defendant's expression of opposition to the protected speech, and evidence that the defendant proffered false or pretextual explanations for the adverse action." *Id.* Here, the Verified Complaint alleges both direct and circumstantial connections between Defendants' conduct and Commissioner Molnar's protected activity. Based on the foregoing, Molnar has, at a minimum, raised serious questions going to the merits to justify emergency relief. *Cottrell*, 632 F.3d at 1135.

Finally, where government actors are defendants, the balance of equities and public interest factors merge. *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 845 (9th Cir. 2020). At this stage, they both tip in favor of Molnar. On the one hand, Defendants seek to exclude Molnar's physical presence in the building because of his alleged inappropriate behavior. On the other hand, an elected official has been physically barred from attending a major hearing regarding the future of one of Montana's largest utility companies. Permitting Molnar to attend and participate in that hearing—and no more—strikes an appropriate balance given the short time frame and the matters at stake.

Based on the current record, IT IS ORDERED that:

(1)    Molnar's motion (Doc. 3) is GRANTED;

(2)    Pursuant to Rule 65(b), Defendants are temporarily restrained and enjoined from excluding Commissioner Molnar from the Public Service Commission building to the extent that he must be permitted to enter the hearing room and participate as a Commissioner for the duration of the NorthWestern Energy/Black Hills merger proceedings.  If those proceedings go beyond May 22, 2026, Molnar will need to seek additional relief from the Court.

(3)    The temporary restraining order is granted without security.  *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) ("Rule 65(c) invests the district court with discretion as to the amount of security required, *if any.*" (internal quotation marks and citations omitted)).

(4)    Commissioner Molnar must serve this Order on Defendants by 5:00 p.m. today.  He must file proof of service within three (3) days.

DATED this ___ day of May, 2026.

14:35 P.M.

Donald W. Molloy, District Judge
United States District Court

7