**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| BRAD MOLNAR, | Case No. 26-41-H-DWM |
| Plaintiff, | **DECLARATION OF** |
| vs. | **DAVID SANDERS** |
| JEFF WELBORN, in his official capacity as a member of the Montana Public Service Commission; JENNIFER FIELDER; in her official capacity as a member of the Montana Public Service Commission; ANNIE BUKACEK, in her official capacity as a member of the Montana Public Service Commission; | |
| Defendants. | |

STATE OF MONTANA    )
                            :ss.
County of Lewis & Clark  )

I, David Sanders, hereby declare under penalty of perjury as follows:

1.     I am over the age of 18 years old. I have personal knowledge of the facts contained in this Declaration.

2.     I served as the Executive Director of the Montana Public Service Commission ("PSC") from January 2024 through January 3, 2025.

3. Following the November 2024 election of former PSC President James Brown as Montana State Auditor and Commissioner of Securities & Insurance ("CSI"), Commissioner Brown appointed me as his Chief of Staff at CSI on January 6, 2026. I currently hold that position.

4. In my capacity as former Executive Director of the PSC, I developed working relationships with numerous PSC staff members, and I have maintained regular contact with several of them since my departure.

5. On or about May 1, 2026, I was invited to participate in a conference call that included one former PSC employee and two current PSC employees. I recognized all three from my tenure as Executive Director.

6. The purpose of the call, as the participants explained it to me, was to inform me of what they described as a deeply troubling email chain between PSC Commissioners Jennifer Fielder and Jeff Welborn.

7. According to the participants, the email chain contained a message authored by Commissioner Fielder in which she stated, in substance, that during an anticipated future disciplinary or exclusion proceeding against PSC Commissioner Brad Molnar, Commissioner Molnar would be no more able to defend his conduct than a named PSC employee had been able to defend allegations concerning that employee's alcoholism. The email identified the PSC employee by name.

2

8. The participants described Commissioner Fielder's reference to the PSC employee's alcoholism as gratuitous and shocking, given that the employee currently remains at the PSC and has no connection to the Molnar matter.

9. The participants further stated that the email chain had been distributed to multiple PSC staff members beyond just Commissioners Fielder and Welborn, and that PSC leadership had thereafter sought to have the email chain removed — or "scrubbed" — from all PSC employee email accounts.

10. The two current PSC employees relayed an account from a third current PSC employee who had personally witnessed the email vanish from that employee's inbox while in the act of reading it – consistent with a remote, real-time deletion executed by PSC leadership.

11. Subsequent to the conference call, I spoke with PSC Commissioner Brad Molnar and informed him of the substance of the conversation, including the content of the Fielder-Welborn email chain as described to me and the apparent effort to destroy it.

12. I swear under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on the 22th day of May, 2026.

_____
David Sanders