Natasha Prinzing Jones
Thomas J. Leonard
BOONE KARLBERG P.C.
P.O. Box 9199
Missoula, MT 59807-9199
Telephone:  (406) 543-6646
npjones@boonekarlberg.com
tleonard@boonekarlberg.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| BRAD MOLNAR,<br><br>              Plaintiff,<br><br>     vs.<br><br>JEFF WELBORN, in his official capacity as a member of the Montana Public Service Commission; JENNIFER FIELDER; in her official capacity as a member of the Montana Public Service Commission; ANNIE BUKACEK, in her official capacity as a member of the Montana Public Service Commission;<br><br>              Defendants. | Cause No. CV-26-41-H-DWM<br><br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Jeff Welborn, Jennifer Fielder, and Annie Bukacek answer

Plaintiff Brad Molnar's Complaint as follows:

**INTRODUCTION**

1.     Answering the allegations of paragraph 1, Defendants admit that

Plaintiff is one of five elected members of the Montana Public Service

Commission ("PSC").  Defendants admit that, on May 12, 2026, the PSC convened a multi-day hearing, and that the hearing concerned a potential merger between NorthWestern Energy and Black Hills Energy.  Pursuant to an order from this Court, Plaintiff was allowed to personally attend that hearing, which has since concluded.  Defendants admit NorthWestern Energy supplies electricity and natural gas to some Montanans.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and therefore deny the same.

2.      Answering the allegations of paragraph 2, Defendants admit that, on May 6, 2026, they voted to adopt the recommendations contained in the May 1, 2026 Response Team Report In the Matter of the Misconduct of Commissioner Brad Molner ("Report").  Defendants admit the Report included a recommendation that the PSC impose an immediate remote-work requirement upon Plaintiff to mitigate the risk of further retaliation by Plaintiff and other Code of Conduct violations by Plaintiff in the workplace.  Defendants deny Plaintiff's retaliatory actions and PSC Code of Conduct ("Code of Conduct") violations are constitutionally protected speech or that Plaintiff was ever threatened with arrest.

3.      Answering the allegations of paragraph 3, the allegations involve legal conclusions or questions of law which are the province of the Court and require no response.  To the extent a response is required, Defendants admit *Boquist v.*

2

*Courtney*, 32 F.4th 764, 783 (9th Cir. 2022) contains the quoted language, but deny the case supports Plaintiff's position here.

4.    Answering the allegations of paragraph 4, they consist primarily of legal conclusions or questions of law which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the *Boquist* is applicable here or that what happened to Plaintiff is "far worse" than what happened to the defendant in that case.  Defendants admit that they voted to adopt the Report's recommendation that the PSC impose an immediate remote-work requirement upon Plaintiff to mitigate the risk of further retaliation by Plaintiff and other Code of Conduct violations by Plaintiff in the workplace.  The remaining allegations are denied.

5.    Answering the allegations of paragraph 5, Defendants admit that their adoption of the Report's recommendations on May 6, 2025 occurred before the hearing on May 12, 2026 but deny that said adoption was in any way related to the hearing.  Defendants further deny that they are "opponents" of Plaintiff, that their adoption of the Report's recommendations was "political retaliation", was related to Plaintiff's "experience evaluating large utility mergers" or prevented Plaintiff from effectively participating in the hearing.  Defendants admit that some of Plaintiff's retaliatory actions and Code of Conduct violations occurred before November 2025, including as early as February 2025.  Defendants affirmatively

allege that the independent investigation into Plaintiff's actions commenced in June 2025 and that Plaintiff's retaliatory actions, ongoing misconduct and interference with the investigation all contributed to the investigation's length.

6. Answering the allegations of paragraph 6, the allegations are not factual allegations asserted against Defendants and therefore require no response. To the extent a response is required, Defendants deny Plaintiff is entitled to the requested relief.

7. Answering the allegations of paragraph 7, Defendants admit the hearing was scheduled to commence at 9:00 a.m. on May 12, 2025. Plaintiff attended and participated in the hearing. Defendants deny that Plaintiff's constituents would have been "deprived of their elected voice" had Plaintiff attended the Hearing remotely, though the issue is now moot. Defendants further deny that Plaintiff is the only Commissioner "able and willing to ask tough questions" regarding utility proceedings which affect Montanans.

## JURISDICTION AND VENUE

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

## PARTIES

10. Defendants admit the allegations of paragraph 10 upon information and belief.

11.    Defendants admit the allegations of paragraph 11.

12.    Defendants admit the allegations of paragraph 12.

13.    Defendants admit the allegations of paragraph 13.

**STATEMENT OF FACTS**

14.    Defendants admit the allegations of paragraph 14 upon information and belief.

15.    Answering the allegations of paragraph 15, Defendants admit that in 2007 Plaintiff and his fellow four commissioners denied Northwestern Energy and Babcock and Brown's joint application for approval of the sale and transfer of NorthWestern pursuant to a merger agreement.

16.    Answering the allegations of paragraph 16, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

17.    Defendants admit the allegations of paragraph 17.

18.    Defendants admit the allegations of paragraph 18.

19.    Answering the allegations of paragraph 19, Defendants admit that Plaintiff criticized PSC staff for meeting with Northwestern Energy, but deny that criticism occurred "from the outset of [Plaintiff's] term" and further deny that they or PSC staff engaged in any improper "back-channel interactions."  Defendants affirmatively allege that Plaintiff's public criticism of PSC staff and Defendants

commenced after PSC staff and Defendants attempted to address Plaintiff's workplace misconduct.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19, and therefore deny the same.

20.     Answering the allegations of paragraph 20, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Molnar's concerns and motivations, and therefore deny the same.  Defendants deny that a rule to formally allow PSC staff to meet secretly with utility representatives was proposed, or that an "anti-transparency rule" was adopted.

21.     Answering the allegations of paragraph 21, Defendants admit that, in June 2025, PSC staff informed Plaintiff that an investigation had commenced into allegations of misconduct against him.  Defendants affirmatively allege that PSC staff did not inform Plaintiff of the complainants' identities to remain in compliance with the Administrative Rules of Montana ("ARM") and Montana Department of Public Service Regulation ("DPSR") policy which require confidentiality in such investigations.  Administrative Rules of Montana § 2.21.4022; DPSR Internal Policy Manual ("IPM"), Code of Conduct, § 2.15.4.

22.     Answering the allegations of paragraph 22, Defendants admit PSC staff informed Plaintiff that the DPSR's Response Team was responding to the

complaints of misconduct against Plaintiff. Defendants affirmatively allege this measure was in conformance with DPSR policy.

23. Answering the allegations of paragraph 23, the Defendants admit the Response Team retained Communications and Management Services ("CMS") to conduct the investigation into the complaints of misconduct against Plaintiff. Defendants further admit the investigators requested Plaintiff's participation in an interview on July 29, 2025 regarding the complaints against him.

24. Answering the allegations of paragraph 24, Defendants admit the Response Team's legal counsel informed Plaintiff's legal counsel that the investigative file was considered confidential pursuant to ARM 2.21.4022 to ensure the investigation's integrity and to maintain confidentiality of those involved. The Response Team's legal counsel also advised that Plaintiff would be able to address specific allegations during his interview and would afterwards be able to elaborate on his answers or share additional information through written materials. In response, Plaintiff's counsel alleged the PSC lacked legal authority to investigate him, that the investigation violated his due process rights, and demanded the investigation be immediately terminated.

25. Answering the allegations of paragraph 25, Defendants admit that the Response Team did not disclose the identity of those individuals who had filed complaints against Plaintiff, as required by the Administrative Rules of Montana §

7

2.21.4022 and IPM, Code of Conduct, § 2.15.4.  Defendants admit Plaintiff's counsel was invited to attend Plaintiff's interview in an observational role, even though there is no legal right to have legal counsel present at the type of non-criminal interview to which Plaintiff was invited.

26.    Answering the allegations of paragraph 26, Defendants admit Plaintiff declined to participate in an interview as part of the investigation.  Defendants further admit that, on July 29, 2025 Plaintiff held a press conference in Helena regarding the investigation.

27.    Answering the allegations of paragraph 27, Defendants admit that Plaintiff announced he was under investigation and made various allegations against PSC personnel involved in the investigation into his conduct and regarding the reasons behind the investigation, but deny those allegations have any merit.

28.    Answering the allegations of paragraph 28, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

29.    Answering the allegations of paragraph 29, Defendants admit CMS prepared an executive summary dated August 12, 2025, relating to an investigative report about Plaintiff's conduct and further admit a redacted version was posted on the PSC website the week of May 11, 2025.  Defendants deny this is the first time Commissioner Molnar had seen the document.  Defendants affirmatively allege

8

Plaintiff was provided a copy of the executive summary on at least two occasions prior to the posting of the executive summary on May 11, 2025.

30.     Answering the allegations of paragraph 30, Defendants state the allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations of paragraph 30 to the extent they are consistent with the cited document, and deny them to the extent they are not.

31.     Answering the allegations of paragraph 31, Defendants admit that PSC staff and Commissioners spoke with Commissioner Molnar informally about his inappropriate comments.  Defendants lack knowledge or information sufficient to form a belief as to which examples Plaintiff refers, and therefore deny the same.

32.     Answering the allegations of paragraph 32, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

33.     Defendants admit the allegations of paragraph 33.

34.     Answering the allegations of paragraph 34, Defendants deny the allegations.

35.     Answering the allegations of paragraph 35, Defendants admit the remarks were inappropriate in the workplace, but lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations, and therefore deny the same.

36.    Answering the allegations of paragraph 36, Defendants state the allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations of paragraph 36 to the extent they are consistent with the cited document, and deny them to the extent they are not.

37.    Answering the allegations of paragraph 37, Defendants state the allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations of paragraph 37 to the extent they are consistent with the cited document, and deny them to the extent they are not.

38.    Answering the allegations of paragraph 38, Defendants deny the allegations.  Defendants affirmatively allege Plaintiff was twice provided with the full report upon which the August 2025 executive summary was based before he filed this action.

39.    Answering the allegations of paragraph 39, Defendants admit that NorthWestern Energy announced a utility matter which would require PSC approval, but deny any implication that the announcement or matter had any relationship to the sanctions at issue in this case.

40. Answering the allegations of paragraph 40, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

41. Answering the allegations of paragraph 41, Defendants admit that the Response Team sent an Administrative Complaint, pursuant to Mont. Code Ann. § 69-1-113, to Governor Gianforte on August 20, 2025, seeking Plaintiff's immediate, temporary suspension as President of the PSC. Defendants affirmatively allege that before the proposed merger was known to any PSC personnel, the Response Team had determined the Administrative Complaint was necessary and had begun drafting it on August 15, 2025. Defendants further affirmatively allege that Defendant Fielder had every expectation that Governor Gianforte would send the Administrative Complaint to Plaintiff for his response before acting upon the Administrative Complaint, which is precisely what occurred. Defendants further allege that neither Montana law, nor DPSR policy, require a § 69-1-113 Administrative Complaint's subject be notified of the complaint by the complainant.

42. Defendants admit the allegations of Paragraph 42.

43. Answering the allegations of paragraph 43, Defendants state the allegations refer to a document which speaks for itself and to which no response is required. To the extent a response is required, Defendants admit the allegations of

paragraph 43 to the extent they are consistent with the cited document, and deny them to the extent they are not.

44.    Answering the allegations of paragraph 44, the allegations concerning protected speech or petitioning activity constitute legal conclusions and questions of law which are the province of the Court and require no response.  To the extent a response is required, the allegations are denied.  Defendants admit that Defendant Fielder sent the Administrative Complaint, on behalf of the Response Team, on the day after NorthWestern Energy's announcement, but deny any allegation or implication that the announcement had anything to do with the timing of the complaint.  The remaining allegations of paragraph 44 refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations of paragraph 44 to the extent they are consistent with the cited document, and deny them to the extent they are not.

45.    Defendants admit the allegations of paragraph 45 upon information and belief.

46.    Defendants deny the allegations of paragraph 46.

47.    Defendants admit the allegations of paragraph 47.

48.    Defendants admit the allegations of paragraph 48.

49.    Answering the allegations of paragraph 49, Defendants state the allegations refer to a document which speaks for itself and to which no response is

required.  To the extent a response is required, Defendants deny Plaintiff's characterizations of the document and the Administrative Complaint.

50.    Answering the allegations of paragraph 50, Defendants state the allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants deny Plaintiff's characterizations of the document and the Administrative Complaint.

51.    Defendants deny the allegations of paragraph 51.

52.    Answering the allegations of paragraph 52, Defendants admit that the Plaintiff filed a complaint against Defendant Bukacek with the Commissioner of Political Practices (COPP).  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52, and therefore deny the same.  Defendants affirmatively allege that Plaintiff's complaint against Defendant Bukacek lacked merit, that COPP rejected Plaintiff's complaint against Defendant Bukacek and noted Plaintiff's claims were speculative and unsupported by evidence.  Plaintiff's complaint against Defendant Bukacek was retaliation for her support of the investigation into Plaintiff's misconduct and Defendant Bukacek's affirmative vote to remove Plaintiff as PSC President.

53.    Answering the allegations of paragraph 53, Defendants admit that Plaintiff, in his complaint against Defendant Bukacek, made various allegations but deny that any of Plaintiff's allegations had merit.  Defendants affirmatively allege

that COPP rejected Plaintiff's complaint against Defendant Bukacek and noted Plaintiff's claims were speculative and unsupported by evidence. Plaintiff's complaint against Defendant Bukacek was retaliation for her support of the independent investigation into Plaintiff's misconduct and Defendant Bukacek's affirmative vote to remove Plaintiff as PSC President.

54.    Answering the allegations of paragraph 54, Defendants admit that Plaintiff, in his complaint against Defendant Bukacek, made various allegations but deny that any of Plaintiff's allegations had merit. Defendants affirmatively allege that COPP rejected Plaintiff's complaint against Defendant Bukacek and noted Plaintiff's claims were speculative and unsupported by evidence. Plaintiff's complaint against Defendant Bukacek was retaliation for her support of the independent investigation into Plaintiff's misconduct and Defendant Bukacek's affirmative vote to remove Plaintiff as PSC President.

55.    Defendants deny the allegations of Paragraph 55.

56.    Answering the allegations of paragraph 56, Defendants admit that Plaintiff, in his complaint against Defendant Bukacek, made various allegations but deny that any of Plaintiff's allegations had merit. Defendants affirmatively allege that COPP rejected Plaintiff's complaint against Defendant Bukacek and noted Plaintiff's claims were speculative and unsupported by evidence. Plaintiff's complaint against Defendant Bukacek was retaliation for her support of the

independent investigation into Plaintiff's misconduct and Defendant Bukacek's affirmative vote to remove Plaintiff as PSC President.

57. Answering the allegations of paragraph 57, Defendants admit that Catherine Holley filed a complaint against Defendant Bukacek with the Montana Board of Medical Examiners, five days before Plaintiff filed his COPP complaint, and that the complaint identifies Plaintiff and Commissioner Pinocci as potential witnesses, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57, and therefore deny the same. Defendants affirmatively allege that the Board of Medical Examiners investigated and dismissed Ms. Holley's complaint against Defendant Bukacek, which contained allegations almost identical to those allegations made by Plaintiff in his COPP complaint.

58. Answering the allegations of paragraph 58, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

59. Answering the allegations of paragraph 59, Defendants admit Exhibit 6 is a true and correct copy of the Governor's letter. Answering the remaining allegations of paragraph 59, Defendants state the allegations refer to a document which speaks for itself and to which no response is required. To the extent a

response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

60.     Answering the allegations of paragraph 60, Defendants deny that Exhibit 7 is a true and correct copy of a letter from Defendant Fielder.  Defendants affirmatively allege the letter is from the Response Team's legal counsel.  The remaining allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

61.     Answering the allegations of paragraph 61, Defendants admit Exhibit 8 appears to be a true and correct copy of the CMS executive summary relating to the investigation report CMS completed on December 16, 2025.  The remaining allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

62.     Answering the allegations of paragraph 62, the allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

63.     Answering the allegations of paragraph 63, the allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants deny that CMS substantiated retaliation by Plaintiff solely upon "conclusory labels."  Defendants affirmatively alleged Plaintiff refers to a summary which did not describe in detail all the evidence which CMS gathered and which formed the bases for the retaliation finding in its full report.

64.     Answering the allegations of paragraph 64, Defendants deny the allegations.  Defendants affirmatively allege that, before the PSC voted on whether to adopt the Response Team's Report and recommendation, Plaintiff was provided with a full report underlying the December 2025 summary.

65.     Answering the allegations of paragraph 65, Defendants deny that Governor Gianforte's December 26, 2025 letter was a "rejection letter" or that Governor Gianforte "rejected" the Response Team's Administrative Complaint. Defendants admit Exhibit 9 appears to be a true and correct copy of the Governor's December 26, 2025 letter.  The remaining allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

66.     Answering the allegations of paragraph 66, Defendants deny adequate time was not provided to review documents relating to the referenced utility matter. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66, and therefore deny the same.

67.     Answering the allegations of paragraph 67, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

68.     Answering the allegations of paragraph 68, Defendants admit they voted to bar Plaintiff from physically entering the PSC building and its hearing room, effective immediately, while making provisions for Plaintiff's remote participation.  Defendants admit the vote came after consideration of the May 1, 2026 Response Team Report.  Defendants deny any allegation or implication that the stated reasons for the vote were in any respect pretextual.

69.     Answering the allegations of paragraph 69, Defendants admit Exhibit 10 appears to be a true and correct copy of the Report.

70.     Answering the allegations of paragraph 70, they state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations.

71.     Answering the allegations of paragraph 71, they state legal conclusions which are the province of the Court and require no response.  To the

extent a response is required, Defendants deny the allegations.  Defendants affirmatively allege that the section of the Response Team's report to which Plaintiff refers is a timeline of events, not the report's findings regarding Plaintiff's misconduct.

72.    Answering the allegations of paragraph 72, the allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

73.    Answering the allegations of paragraph 73, they state legal conclusions which are the province of the Court and require not response.  To the extent a response is required, Defendants deny the allegations.

74.    Answering the allegations of paragraph 74, they refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

75.    Answering the allegations of paragraph 75, most of the allegations state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations. The remaining allegations refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the

19

allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

76.    Answering the allegations of paragraph 76, the first two sentences refer to a document which speaks for itself and to which no response is required. To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not. The remaining allegations state legal conclusions which are the province of the Court and require no response. To the extent a response is required, Defendants deny the allegations.

77.    Answering the allegations of paragraph 76, the first sentence refers to a document which speaks for itself and to which no response is required. To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not. The remaining allegations state legal conclusions which are the province of the Court and require no response. To the extent a response is required, Defendants deny the allegations.

78.    Answering the allegations of paragraph 78, they refer to a document which speaks for itself and to which no response is required. To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

79.     Answering the allegations of paragraph 79, they state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations.

80.     Answering the allegations of paragraph 80, they refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not. Defendants affirmatively allege that the Report's section cited by Plaintiff reads in full: "[Plaintiff] declined to cooperate with the investigation and defied multiple explicit warnings *about retaliatory actions*."  (Doc. 1-10, p. 16 (emphasis added).)

81.     Answering the allegations of paragraph 81, they state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations.

82.     Answering the allegations of paragraph 82, they refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

83.     Answering the allegations of paragraph 83, they state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations.

84.     Answering the allegations of paragraph 84, they refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.

85.     Answering the allegations of paragraph 85, the allegations in the first sentence refer to a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants admit the allegations to the extent they are consistent with the cited document, and deny them to the extent they are not.  The latter three sentences state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations.

86.     The Defendants admit the allegations of paragraph 86.

87.     Defendants deny the allegations of paragraph 87.

88.     Answering the allegations of paragraph 88, Defendants admit Plaintiff is barred from entering the PSC building now that the referenced hearing has concluded, unless he requests from the Response Team permission to enter the building, until the Response Team finds that the risk of further retaliation or misconduct has been adequately mitigated.  Pursuant to this Court's order, Plaintiff was allowed to attend that hearing in person.  Defendants' affirmatively allege that

Commissioner Molnar may re-enter the PSC building if his presence is coordinated with the Response Team.

89.    Defendants deny the allegations of paragraph 89.

90.    Answering the allegations of paragraph 90, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, and therefore deny the same.  The remaining allegations state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations, including that remote participate at the hearing was an inadequate substitute.

91.    Defendants deny the allegations of paragraph 91.

92.    Answering the allegations of paragraph 92, Defendants deny Plaintiff was not afforded means to fully participate in the referenced hearing, or means to fully participate in any future proceedings.  The allegations about potential limitations of remote attendance are purely speculative and require no response.  To the extent a response is required, Defendants deny the allegations.

93.    Answering the allegations of paragraph 93, Defendants deny Plaintiff was not afforded means to fully participate in the referenced hearing, or means to fully participate in any future proceedings.  The allegations about potential limitations of remote attendance are purely speculative and require no response.  To the extent a response is required, Defendants deny the allegations.

## CAUSES OF ACTION

### Count I

94. Answering the allegations of paragraph 94, Defendants incorporate by reference their responses to paragraphs 1-93 as though fully stated herein.

95. Answering the allegations of paragraph 95, Defendants state the allegations involved legal conclusions or questions of law which are the province of the Court and require no response. To the extent a response is required, Defendants admit that 42 U.S.C. § 1983 contains the quoted language but deny that Plaintiff is entitled to any relief under the statute.

96. Answering the allegations of paragraph 96, Defendants state the allegations involved legal conclusions or questions of law which are the province of the Court and require no response. To the extent a response is required, Defendants admit that *Boquist v. Courtney*, 32 F.4th 764, 775 (9th Cir. 2022) contains the cited elements but denies that Plaintiff is entitled to any relief under those elements.

97. Answering the allegations of paragraph 97, they state legal conclusions which are the province of the Court and require no response. To the extent a response is required, Defendants deny the allegations.

98.     Answering the allegations of paragraph 98, they state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations.

99.     Answering the allegations of paragraph 99, they state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants admit that *Boquist* contains the quoted language, but deny their actions constitute a "materially adverse action" towards Plaintiff, or that Plaintiff is entitled to any relief under *Boquist*.

100.   Answering the allegations of paragraph 100, Defendants deny that Plaintiff cannot enter the PSC building at all, under any circumstances, for any purpose.  Defendants affirmatively allege that, if Plaintiff wishes to enter the PSC building, he may request to do so, and his request will be considered by the Response Team.  The remaining allegations state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations.

101.   Answering the allegations of paragraph 101, they state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants admit *Boquist* contains the quoted language but denies Plaintiff is entitled to any relief.

25

102.   Answering the allegations of paragraph 102, they state legal conclusions which are the province of the Court and require no response.  To the extent a response is required, Defendants deny the allegations.

103.   Defendant deny the allegations of paragraph 103.

104.   Defendants deny the allegations of Paragraph 104.

105.   Defendants deny each and every allegation not specifically admitted or otherwise addressed above.

106.   Defendants deny the allegations in Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

1.   There is no underlying constitutional violation which supports a claim under § 1983.  Plaintiff was not subjected to retaliatory actions for having engaged in protected speech.

2.   Plaintiff's conduct which led to the investigation and Response Team Report was not protected speech.

3.   Defendants' adoption of the Report's findings and recommendations was not a materially adverse action against Plaintiff.

4.   Defendants did not adopt the Report's findings and recommendations in response to any protected speech by Plaintiff.

5.    Defendants had an objectively legitimate need to adopt the Report's findings and recommendations and would have done so in the absence of any retaliatory motive, which Defendants expressly deny.

6.    Some or all of Plaintiff's claims are moot or otherwise nonjusticiable.

7.    The State of Montana, sued here through state officials in their official capacities, is immune from suit in federal court under the Eleventh Amendment to the U.S. Constitution.

8.    The State of Montana, sued here through state officials in their official capacities, is not a "person" subject to suit under 42 U.S.C. § 1983.

9.    Plaintiff has failed to satisfy the requirements of *Ex parte Young*, 209 U.S. 123 (1908), in order to sue the State of Montana, through state officials in their official capacities, in federal court under 42 U.S.C. § 1983.

10.    Plaintiff's claims are precluded under the *Younger* abstention doctrine due to an ongoing state court proceeding.  *Younger v. Harris*, 401 U.S. 37 (1971).

## PRAYER FOR RELIEF

WHEREFORE, Defendants request judgment as follows:

1.     For a dismissal of Plaintiff's claims against Defendants with prejudice;

2.     For an award of Defendants' lawful costs of suit expended; and

3.     For such other and further relief as is just and equitable.

DATED this 1st day of June, 2026.     BOONE KARLBERG P.C.

/s/ Natasha P. Jones
Natasha P. Jones
Thomas J. Leonard
*Attorneys for Defendants*