Docusign Envelope ID: A3D4B39D-2F14-8DCD-816E-6D07C5D75D9F

Natasha Prinzing Jones
Thomas J. Leonard
BOONE KARLBERG P.C.
P.O. Box 9199
Missoula, MT 59807-9199
Telephone:  (406) 543-6646
npjones@boonekarlberg.com
tleonard@boonekarlberg.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| BRAD MOLNAR,<br><br>              Plaintiff,<br><br>     vs.<br><br>JEFF WELBORN, in his official capacity as a member of the Montana Public Service Commission; JENNIFER FIELDER; in her official capacity as a member of the Montana Public Service Commission; ANNIE BUKACEK, in her official capacity as a member of the Montana Public Service Commission;<br><br>              Defendants. | Cause No. CV-26-41-H-DWM<br><br>**FIRST DECLARATION OF JEFF WELBORN** |

JEFF WELBORN hereby declares, pursuant to 28 U.S.C. § 1746:

1.      I am the Commissioner for Montana's 3rd District for Montana's Public Service Commission ("PSC").

2.      I have personal knowledge of the matters addressed herein and am competent to testify regarding the same.

1

Docusign Envelope ID: A3D4B39D-2F14-8DCD-816E-6D07C5D75D9F

3.     I currently service as the PSC's President.

4.     At a hearing in the PSC building on May 6, 2026, the PSC voted to adopt the PSC Response Team Report's recommendations, including to impose a remote work requirement for Commissioner Brad Molnar.

5.     I never directed security to escort Commissioner Molnar from the PSC building following the May 6 hearing.

6.     Commissioner Molnar remained in the PSC building for almost two hours following the hearing.

7.     During this time, I personally delineated Commissioner Molnar's remote work requirement to him in Chief Counsel Amanda Webster's office, with Ms. Webster in attendance.

8.     I then asked Commissioner Molnar to gather up necessary items from his office to perform those duties.

9.     Following this meeting, Commissioner Molnar remained in his office for approximately ninety minutes, making various phone calls and gathering his belongings.

10.    Commissioner Molnar left the PSC building on May 6 on his own timeline, with my oversight but without the involvement of security.

11.    At most, a security officer may have walked alongside Commissioner Molnar for a few steps as he exited the building.

2

12.     Regardless, I never "directed a security officer to escort Commissioner Molnar out of the PSC building" as Commissioner Molnar now alleges.

13.     Security personnel were present at the hearing, as per regular practice, but were not assigned to Molnar and did not "escort" him.

14.     Commissioner Molnar was not "limited to a single designated restroom." The building has separate restrooms for the public and for commissioners during the hearing, and Molnar was welcome to use either of the two commissioner bathrooms.

15.     Although my email to Commissioner Molnar the day before the hearing cited certain restrictions, Commissioner Molnar was provided a lot of leeway in moving about the building during the hearing. He was not restricted to a ten-minute pre-hearing entry window, a five-minute post-recess exit requirement, or a requirement to leave the building during recesses.

16.     Commissioner Molnar was permitted to enter the building when he arrived each day and stay for the time he needed.

17.     Commissioner Molnar was not restricted from accessing staff during the hearing.

18.     Staff are not available to commissioners in-person during a PSC hearing. Docket staff are busy and the staff attorney that sits next to the chair in the hearing room provides dedicated advice to the chair.

3

19.    Although staff do not have time to answer commissioner questions in person during a hearing, commissioners can email questions to staff.

20.    In sum, Commissioner Molnar was provided every accommodation at the hearing that he requested, and to which every other commissioner is entitled.

21.    This declaration is filed in connection with the Court's order for a motions hearing on June 18, 2026.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correction.

DATED this 15th day of June, 2026.

Signed by:

E25C872A4C4342A...

JEFF WELBORN
*Commissioner, Montana's 3rd District*
Montana Public Service Commission

4