IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRAD MOLNAR,<br><br>       Plaintiff,<br><br>vs.<br><br>JEFF WELBORN, in his official capacity as a member of the Montana Public Service Commission; JENNIFER FIELDER, in her official capacity as a member of the Montana Public Service Commission; and ANNIE BUKACEK, in her official capacity as a member of the Montana Public Service Commission,<br><br>       Defendants. | CV 26–41–H–DWM<br><br><br><br>ORDER |

On May 28, 2026, Plaintiff Brad Molnar filed two redacted exhibits under seal, (Docs. 18-1, 18-2), in support of his pending motion for preliminary injunctive relief, (Doc. 11). Those exhibits—redacted reports prepared by an investigative firm, Communications and Management Services ("CMS")—were collegially filed under seal at the request of Defendant Commissioners Jeff Welborn, Jennifer Fielder, and Annie Bukacek (collectively "Defendants"). (*See* Doc. 18.) Molnar now seeks to unseal those redacted exhibits and for leave to file other personnel records, those of prior Commission employee Tina Limesand, in

the public record ("Limesand Documents"). (Doc. 25.) Defendants seek a protective order that both maintains those sealed exhibits and provides that Defendants are not required to produce the unredacted versions of those exhibits to Molnar. (Doc. 32.) Defendants also oppose Molnar's request to file the Limesand Documents publicly. (*See* Doc. 31.) Both motions are granted in part and denied in part as outlined below.

As it relates to the redacted version of the exhibits, Defendants have not met their burden of showing a "compelling reason" to maintain the seal that overcomes "th[e] strong presumption in favor of [public] access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks omitted). Most tellingly, Defendants' arguments in support of maintaining the seal focus almost exclusively on the names of the individuals involved: "Releasing the names of those who provided information in the workplace investigation will result in harm which outweighs the interest in public disclosure." (Doc. 31 at 7; *see, e.g., id.* at 9 ("Releasing their names—unique identifiers in an investigation which would not generally be disclosed to the public—raises serious privacy concerns."); *id.* at 12 ("The names of witnesses who reasonably expected confidentiality would add nothing to foster any enhanced participation from the public."); *id.* at 13 ("Apart from the identification of witnesses of whom Molnar is already well aware, there is no colorable basis to

2

argue the names are relevant in this action.").) While Defendants allude to the fact that release of the redacted versions "will serve no purpose but to gratify Molnar's private spite, promote public scandal, and further discourage [Commission] employees from speaking about workplace discrimination and harassment," (*id.* at 7), their analysis of public release of the *redacted* exhibits ends there.[1] Accordingly, the Clerk is directed to unseal Docs. 18-1 and 18-2.

The release of the unredacted reports presents a more difficult question. It appears that complainants and witnesses in the underlying investigation were given conflicting guidance regarding the confidentiality of their involvement. While the Commission's Internal Policy Manual indicates that information related to an investigation "will be treated as confidential to protect the privacy of the individuals involved," (*see* Doc. 31 at 10), the complaint forms signed by the complainants expressly advised them that "complete confidentiality cannot be maintained in the process of handling informal and formal complaints" and that "certain information in the complaint file may be disclosed to certain agency employees including the person [subject to the complaint]," (*see, e.g.,* Doc. 18-1 at 48). Ultimately, given the issues in the case and Defendants' concession that

---

[1] Defendants' argument is principally structured as an ad hominem attack on Molnar. Such an argument appeals to personal prejudices or emotions rather than reason. This case has enough ad hominem anguish from both Molnar and Defendants. It needs to stop now.

3

"Molnar is *already* well aware of the identities of the individuals," (Doc. 31 at 12), the unredacted exhibits must be provided to Molnar's counsel.  However, the privacy concern related to the names/identities of those involved with those exhibits is compelling.  Thus, in the context of this litigation, those unredacted reports may not be released to the public or otherwise disseminated by Molnar, his attorney, or any other individual or entity.  Any document that contains references to the identifying information in those unredacted exhibits must be filed under seal.

Finally, Molnar seeks to publicly file the Limesand Documents, which contain personnel records of a former Commission employee.  Because it is unclear what those records contain at this point, that request is denied.  To the extent Molnar intends to rely on those documents in his imminent briefing, Molnar must separately file that portion of his argument under seal with the relevant exhibits included.  Defendants will then be given an opportunity to supplement those records and/or provide the specific basis for maintaining the seal.

Accordingly, IT IS ORDERED Molnar's motion to unseal (Doc. 25) and Defendants' motion for a protective order (Doc. 32) are GRANTED in PART and DENIED in PART as follows:

(1) The Clerk is directed to unseal the redacted exhibits filed at Docs. 18-1 and 18-2.

(2) Defendants are directed to provide Molnar's counsel with the unredacted exhibits within twelve (12) hours of this issuance of this Order. The unredacted versions of the exhibits filed at Docs. 18-1 and 18-2 may not be released to the public or otherwise disseminated by Molnar, his attorney, or any other individual or entity. Any document that contains references to the identifying information in those exhibits must be filed under seal. At the termination of this litigation, those unredacted exhibits and all copies thereof must be returned to Defendants or destroyed. If it is discovered that Molnar or his counsel disseminated or otherwise shared the unredacted exhibits in contravention of this Order, this case may be dismissed. *See* Fed. R. Civ. P. 26(c)(1)(A), 41(b).

(3) If Molnar files the Limesand Documents under seal, Defendants have seven (7) days from the date of that filing to supplement those records and/or provide the specific basis for maintaining the seal.

DATED this 16th day of June, 2026.

15:51 P.M.

Donald W. Molloy, District Judge
United States District Court

5