IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| BRAD MOLNAR,<br><br>Plaintiff,<br><br>vs.<br><br>JEFF WELBORN, in his official capacity as a member of the Montana Public Service Commission; JENNIFER FIELDER, in her official capacity as a member of the Montana Public Service Commission; and ANNIE BUKACEK, in her official capacity as a member of the Montana Public Service Commission,<br><br>Defendants. | CV 26–41–H–DWM<br><br><br>ORDER |

On June 17, 2026, Plaintiff Brad Molnar filed three sealed exhibits in support of his then-pending motion for preliminary injunction. (Docs. 40-1 to Doc. 40-3.) The Court has already addressed two of those documents. (*See* Doc. 38 (ordering redacted versions of Docs. 40-1, 40-2 be filed in the public record).) Defendant Commissioners Jeff Welborn, Jennifer Fielder, and Annie Bukacek (collectively "Defendants") now seek to maintain the seal on Doc. 40-3, which has been referred to throughout the case as the "Limesand Documents." (Doc. 42.) That motion is granted in part and denied in part as outlined below.

1

Contrary to Molnar's argument, because a majority of the Limesand Documents are private personnel records for an individual that has not waived her privacy rights, Defendants have met their burden of showing a "compelling reason" to maintain the seal that overcomes "th[e] strong presumption in favor of [public] access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks omitted). However, Molnar seeks to unseal only a very small portion of those records, two paragraphs that directly bear on complaints made against him by Department personnel. In light of the limited identifying information contained in those excerpts and their relevancy to the case, those two paragraphs must be filed in the public docket. The remainder of Doc. 40-3 shall remain sealed.

Accordingly, IT IS ORDERED that the Clerk is directed to unseal Defendants' motion, (Doc. 42), as it contains no information that is not already in the public docket. The attached declaration, (Doc. 42-1), shall remain under seal as it contains nonpublic information.

IT IS FURTHER ORDERED that Defendants' motion (Doc. 42) is GRANTED in PART and DENIED in PART. Molnar must file pages 17 and 18 of Doc. 40-3 in the public docket, revealing only the two paragraphs identified in his brief, (*see* Doc. 43). The remainder of those two pages must be properly redacted.

2

In light of that ruling, the Clerk is directed to unseal Molnar's response brief, (Doc. 43), as the information discussed therein is now in the public sphere.

DATED this _30_ day of June, 2026.

Donald W. Molloy, District Judge
United States District Court

3