Matthew G. Monforton, Montana Bar # 5245
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone: (406) 570-2949
Email: matthewmonforton@yahoo.com


Attorney for Plaintiff


# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| BRAD MOLNAR, | Case No. CV 26-41-H-DWM |
| Plaintiff, | **JOINT DISCOVERY PLAN** |
| vs. | |
| JEFF WELBORN, in his official capacity as a member of the Montana Public Service Commission; JENNIFER FIELDER; in her official capacity as a member of the Montana Public Service Commission; ANNIE BUKACEK, in her official capacity as a member of the Montana Public Service Commission; | |
| Defendants. | |

## INTRODUCTION

Pursuant to the Court's order (Doc. 44), counsel for the parties conferred on

July 14, 2026, to discuss the matters listed in Rule 26(f) of the Federal Rules of

Civil Procedure. Plaintiff Brad Molnar submits the following Joint Discovery Plan. The parties have conferred regarding the matters set forth below and have reached agreement as to the exchange of limited written information.  Where the parties have not reached agreement, each party's respective position is set forth herein. The parties request the Court's guidance as to the permissible scope of additional discovery and would welcome a brief telephone or in person conference if the Court is inclined to meet with the parties.

### A. Changes in timing, form, or requirement for disclosures under Rule 26(a)

The parties do not anticipate any changes to the timing, form, or requirement for disclosures under Rule 26(a) and shall exchange initial disclosures by August 23, 2026.

### B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

1. Subjects of Discovery

**Plaintiff's Position**:  Plaintiff contends discovery is needed on the following subjects: (a) Defendants' motives, deliberations, and communications concerning the decision to bar Commissioner Molnar from the Commission Building and to seek his suspension from Governor Gianforte, including the formation, investigation, and recommendations of the Response Team and the preparation of

the May 1, 2026 Response Team Report; (b) whether Defendants would have taken the same adverse action against Molnar in the absence of his constitutionally protected activity, including comparator evidence concerning the treatment of other Commissioners or Department personnel accused of similar conduct; (c) the process afforded Molnar prior to the recommendation that he be suspended and barred from the Building, including the extent to which he was permitted to confront and respond to the allegations against him; and (d) communications concerning Molnar's public statements regarding the proposed NorthWestern Energy/Black Hills Energy merger, his October 2025 Complaint against Commissioner Bukacek, and his other press activities identified in the Verified Complaint. The parties will supplement this description, as needed, in their respective preliminary pretrial statements.

**Defendants' Position:** Defendants have agreed to produce any information provided to or relied upon by CMS or the Response Team to the extent such information is not already in Plaintiff's possession. Defendants contend that additional discovery is not necessary, material or probative to the limited issues before the Court. In particular, depositions of Tina Limesand and David Smith are not material or probative to this matter. The PSC Commissioner deliberations, including the closed session, was recorded and transcripts may be obtained for use in support of summary judgment. The CMS Reports and Response Team Report

3

reference/attach relevant information relied upon. If the Court is inclined to allow some limited depositions, the deponents and scope of the inquiry should be substantially limited.

2. Expert Discovery

Plaintiff Molnar does not anticipate introducing expert testimony. In the event that either party identifies any expert witnesses, the opposing party may identify rebuttal experts.

3. Discovery Deadlines: Plaintiff proposes the following deadlines given his request for depositions. As set forth in Section 4, Defendants do not believe that further testimonial discovery is necessary or warranted given the limited scope of this matter. If the Court allows the depositions as Plaintiff proposes, Defendants do not object to Plaintiff's proposed deadlines.

- The parties shall have until November 30, 2026, to join additional parties and/or amend the pleadings;

- Discovery shall be completed by February 26, 2027

- The parties' liability expert disclosures under Rule 26(a)(2) shall be served no later than December 21, 2026. Plaintiff's damages expert disclosures shall be served no later than December 21, 2026. Defendant shall serve his damages expert disclosures no later than January 21, 2027. Rebuttal expert disclosures shall be served no later than 30 days after receipt of the disclosures intended to be rebutted. The parties' expert disclosures shall be served electronically as well as by U.S. Mail.

4. Depositions

The parties have not reached agreement regarding depositions. Each party's

respective position is set forth below.

**Plaintiff's Position:** Plaintiff Molnar intends to depose Defendants Welborn, Fielder, and Bukacek concerning their motives in suspending Commissioner Molnar and barring him from the Commission Building, an issue central to whether Defendants' stated non-retaliatory grounds were pretextual. See *Boquist v. Courtney,* 32 F.4th 764, 777–78 (9th Cir. 2022). Plaintiff also intends to depose David Smith, who participated in Response Team deliberations concerning Molnar notwithstanding his lack of licensure to practice law in Montana, see Section D, below, and Tina Limesand, the PSC's former Human Resources Director, who determined that the allegations against Molnar did not constitute sexual harassment and who was terminated in May 2026. While the Court previously denied Plaintiff's motion for expedited, pre-Rule 26(f) discovery as to Ms. Limesand under the heightened "good cause" standard applicable to such requests, (Doc. 44 at 40–41), that ruling addressed only the propriety of expedited discovery in advance of a Rule 26(f) conference; it does not resolve the separate and more permissive relevance standard of Rule 26(b)(1) that governs discovery in the ordinary course, and Plaintiff intends to timely notice her deposition.

**Defendants' Position:** Defendants object to all depositions, contending that the existing record — including the CMS investigative reports, the Response Team

Report, and the declarations already submitted in connection with Plaintiff's motion for preliminary injunction — is sufficient and that no further testimonial discovery is warranted. Defendants will agree to produce documents used to prepare the CMS reports and the Response Team Report, but otherwise object to the scope of discovery Plaintiff proposes.

The parties have been unable to resolve this disagreement and anticipate the need for the Court's intervention — whether through a scheduling order addressing depositions or  a conference with the Court.

**C.      Issues about disclosure or discovery of electronically stored information.**

The parties do not anticipate any disputes regarding electronically stored information. However, electronically stored information shall be subject to discovery to the same extent as other information. Furthermore, the parties both acknowledge their duty to preserve all discoverable documents, including those stored in electronic media, including their obligation to prevent the automated deletion of such documents.

**D.      Issues regarding claims of privilege or of protection regarding trial-preparation materials.**

**Plaintiff's Position**:  Commissioner Molnar anticipates seeking discovery that includes communications between Defendants and David Smith, who participated in several of the Response Team meetings concerning Molnar. Mr.

Smith was hired by the PSC in September 2025 ostensibly to fill a vacancy as its chief legal counsel. In fact, Mr. Smith was not (and is not) licensed to practice law in Montana. Moreover, Defendants knew that Mr. Smith was unlicensed at the time they hired him. Accordingly, Commissioner Molnar may seek to challenge any invocation of attorney-client privilege asserted with regard to communications in which Mr. Smith participated.

**Defendants' Position:** Defendants contend attorney-client privilege bars certain areas of inquiry. The PSC retained Amy Christensen to represent and advise the Response Team throughout the internal review process. Communications with Christensen are privileged and not subject to discovery. Mr. Smith was a member of the Response Team for a period of time, in addition to his role as PSC legal counsel. Certain communications with Mr. Smith are privileged by virtue of his role as legal counsel and his communications with Amy Christensen. Mr. Smith's licensure status is not dispositive of, or a waiver of, attorney-client privilege.

## E.   Changes or limitations on discovery.

Except to the extent set forth above, the parties do not believe any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**F.      Other Orders the Court Should Issue.**

The parties do not anticipate any other orders that should be entered under

Rule 26(c) or under Rule 16(b) and (c) other than the Court's standard orders.

DATED: July 15, 2026                        Respectfully submitted,

/s/ Matthew G. Monforton
Matthew G. Monforton, MT Bar # 5245
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
E-mail:  matthewmonforton@yahoo.com

Attorney for Plaintiff

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 15th day of July 2026, that a copy of the foregoing will be delivered this day via the Court's ECF system to counsel for Defendant.

DATED: July 15, 2026          Respectfully submitted,

/s/ Matthew G. Monforton
Matthew G. Monforton, MT Bar # 5245
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
E-mail:  matthewmonforton@yahoo.com

Attorney for Plaintiff