Matthew G. Monforton (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone: (406) 570-2949
Facsimile: (406) 551-6919
Email: matthewmonforton@yahoo.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| BRAD MOLNAR,<br><br>Plaintiff,<br><br>vs.<br><br>JEFF WELBORN, in his official capacity as a member of the Montana Public Service Commission; JENNIFER FIELDER, in her official capacity as a member of the Montana Public Service Commission; and ANNIE BUKACEK, in her official capacity as a member of the Montana Public Service Commission,<br><br>Defendants. | CV 26–41–H–DWM<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)** |

## INTRODUCTION

Plaintiff Brad Molnar moves under Federal Rule of Civil Procedure 41(a)(2) for an order dismissing this action without prejudice. The reasons are

straightforward. When this case was filed on May 11, 2026, it presented a single, discrete controversy: whether three Commissioners could bar an elected colleague from the Commission Building. Since then, on July 9, 2026 — two weeks after this Court denied preliminary relief — Governor Greg Gianforte suspended Commissioner Molnar from office altogether, for one year, without pay. The Governor is not a party here. The suspension is not challenged here. Yet it has entirely subsumed the building-access question that this case was brought to resolve: a Commissioner suspended from office does not need a key to the building.

The whole of the controversy is now pending in the Montana First Judicial District Court, Lewis and Clark County, in *Molnar v. Montana Public Service Commission*, Cause No. ADV-25-2026-0475 (Hon. Mike Menahan). That action names the Governor along with the Commission and the three Defendants here; it challenges both the May 6, 2026 sanctions and the July 9, 2026 suspension; and it rests on claims arising under the Montana Constitution and Montana statutes — claims this Court could not entertain even if asked, because the Eleventh Amendment forbids a federal court from ordering state officials to conform their conduct to state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). A preliminary injunction hearing was held in that court on August 14, 2026, and the matter is under advisement.

Maintaining this single-claim federal action against three of the five relevant actors, addressing one of the two challenged orders, while the state court adjudicates the entire dispute against all of them, serves no one. Rule 41(a)(2) exists for exactly this circumstance. Defendants cannot satisfy the standard for denying a Rule 41(a)(2) motion.

## BACKGROUND

1. Commissioner Molnar filed this action on May 11, 2026, asserting a First Amendment retaliation claim against Defendants Welborn, Fielder, and Bukacek arising from the Commission's May 6, 2026 vote barring him from the Commission Building and hearing room. (Doc. 1.)

2. The Court granted a temporary restraining order permitting Commissioner Molnar to attend the NorthWestern Energy–Black Hills Energy merger hearing that began May 12, 2026. (Doc. 9.)

3. Commissioner Molnar moved for a preliminary injunction, (Doc. 11), and for expedited discovery, (Doc. 14). Defendants opposed both. (Docs. 33, 34.) A hearing was held June 18, 2026. No witness testimony was presented by either party. (Doc. 44 at 3.)

4. On June 25, 2026, the Court denied both motions. (Doc. 44.) The Court held that Commissioner Molnar had established constitutionally protected activity,

(*id.* at 26), materially adverse action, (*id.* at 33), and a substantial causal relationship, (*id.* at 35), but concluded that on the record then before it, Defendants had shown they would have taken the same action absent any retaliatory motive, (*id.* at 36–37). The Court framed its holding in expressly provisional terms — "[b]ased on the current record," (*id.* at 1, 41), "at this stage," (*id.* at 23), and "[o]n this record," (*id.* at 25, 37) — and directed the parties to submit a joint discovery plan by July 15, 2026, with a motions deadline and trial date "to be set by future order." (*Id.* at 41.)

5. On July 9, 2026, Governor Gianforte suspended Commissioner Molnar from office for one year, effective immediately and without pay. The Governor is not a party to this action, and the suspension is not challenged in this action.

6. On July 10, 2026, this Court granted Commissioner Molnar leave to file unredacted copies of the CMS investigation reports under seal in the state court proceeding.

7. On July 13, 2026, Commissioner Molnar filed a Verified First Amended Complaint and a motion for expedited preliminary injunction in *Molnar v. Montana Public Service Commission*, Cause No. ADV-25-2026-0475 (Mont. First Jud. Dist. Ct., Lewis & Clark Cnty.). That action names the Commission, Defendants Welborn, Fielder, and Bukacek, and Governor Gianforte. It challenges both the May 6 sanctions and the July 9 suspension on five independent grounds

arising under Montana law: denial of confrontation under Article II, Section 17 of the Montana Constitution; want of statutory authority; adjudication by a biased decisionmaker; absence of "good cause" under Mont. Code Ann. § 69-1-113; and denial of any pre-deprivation hearing.

8. The state court held a hearing on that motion on August 14, 2026. The matter is under advisement.

9. In this Court, no discovery has been served or responded to. No dispositive motion is pending. No trial date has been set. Nothing substantive has occurred in this action since June 25, 2026.

## LEGAL STANDARD

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

The Ninth Circuit's standard is settled and permissive: "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "Legal prejudice" is a term of art with a narrow meaning: "prejudice to some legal interest, some

legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

And the Ninth Circuit has specifically endorsed the course Commissioner Molnar takes here. In *Smith v. Lenches*, the plaintiffs dismissed their federal claims in order to pursue an already-pending parallel state action. Affirming, the court observed: "Our federal system permits dual-track litigation to be filed in state and federal courts. Any party that feels it is unduly burdened under such circumstances is free to ask one court or the other to stay proceedings while the other proceeds." 263 F.3d at 979.

## ARGUMENT

### I. Defendants cannot show plain legal prejudice.

#### A. No legal interest, claim, argument, or defense is impaired.

The *Westlands* inquiry is concrete: what legal interest, claim, or argument does the dismissal take away from Defendants? 100 F.3d at 97. The answer here is none.

Defendants assert no counterclaim, no crossclaim, and no affirmative claim for relief of any kind. They seek nothing from this Court that dismissal would deny them. Every defense they have raised — that Commissioner Molnar's conduct was unprotected, that the May 6 vote was not materially adverse, that the Commission

would have acted regardless of any protected speech — remains fully available to them, against the same Plaintiff, on the same facts, in the state court where the same conduct is at issue. Nothing is lost; the forum changes.

Nor does dismissal deprive Defendants of any procedural advantage they have secured. There is no pending dispositive motion on which they might prevail. There is no discovery they have propounded and await. There is no ruling in their favor that dismissal would unsettle: the Court's June 25 Order denied Commissioner Molnar's motion, but it granted Defendants nothing and by its own terms it rested on "the current record" and contemplated further proceedings. (Doc. 44 at 1, 41.)

### B. Litigating in state court is not legal prejudice.

Defendants may say they prefer this forum. That preference, however sincere, is not a legal interest. *Hamilton* holds that legal prejudice "does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." 679 F.2d at 145. *Westlands* holds that neither the "threat of future litigation which causes uncertainty" nor "the expense incurred in defending against a lawsuit" qualifies. 100 F.3d at 96–97.

The point has particular force here because there is no second lawsuit to threaten. The state action is not prospective; it has been pending since 2026, it names these same three Defendants, and it has already proceeded through a

contested preliminary injunction hearing at which Defendants appeared and were heard. Defendants are not being exposed to new litigation. They are being relieved of one of two proceedings.

### C. This case is not at an advanced stage.

Courts also consider whether the case has progressed to a point where dismissal would waste substantial judicial and party resources. It has not.

No summary judgment motion has been filed. No discovery has been served. No trial date exists. The only substantive proceeding was the preliminary injunction hearing, at which no witness testified and the evidentiary record consisted of pleadings, declarations, and exhibits — materials that exist independently of this docket and have already been placed before the state court.

Whatever this Court's June 25 Order cost in judicial effort, that effort is not wasted by dismissal. It resolved the motions before it. Rule 41(a)(2) does not require that a plaintiff who has lost a preliminary motion remain in the forum indefinitely.

### D. Commissioner Molnar's reasons for dismissal are proper — and, in any event, motive is not the test.

Commissioner Molnar does not disguise why he seeks dismissal. Three reasons, each sufficient.

*First, the controversy has moved.* This action challenges a building-access restriction imposed by three Commissioners. The Governor's July 9 suspension removed Commissioner Molnar from office entirely, for a year, without pay. The relief this action seeks — restoration of physical access to the Commission Building — is of no practical consequence to a Commissioner who has been suspended from the office itself. The dispute that matters now is one this action does not reach, against a defendant this action does not name.

*Second, this Court cannot grant the relief that the remainder of the controversy requires.* Commissioner Molnar's principal claims arise under the Montana Constitution and Montana statutes: the confrontation guarantee of Article II, Section 17; the limits of the Commission's statutory powers; the "good cause" requirement of Mont. Code Ann. § 69-1-113. Under *Pennhurst*, a federal court may not order state officials to conform their conduct to state law. 465 U.S. at 106. The state court is not merely a preferable forum for those claims; it is the only one.

*Third, one court adjudicating the whole dispute is better than two courts adjudicating parts of it.* The state action encompasses both challenged orders and all five relevant actors. This action encompasses one order and three of them. Concentrating the controversy avoids duplicative effort and eliminates any risk of inconsistent determinations about the same Commission vote.

These are sound reasons. But the Ninth Circuit does not require sound reasons — it asks only whether the defendant suffers legal prejudice. Even a frankly tactical motive would not defeat the motion. *Hamilton*, 679 F.2d at 145. In *Smith v. Lenches*, the plaintiffs dismissed their federal claims after a change in state law made the state forum more attractive, and the Ninth Circuit found nothing improper in it — indeed it affirmed the denial of sanctions premised on that very conduct. 263 F.3d at 978–79.

## II. Judicial economy and comity favor dismissal.

Dismissal will conserve the resources of this Court and of both parties.

The state court has held an evidentiary hearing on a motion addressing the same May 6 vote and has the matter under advisement. Whatever it decides — and whatever the Montana Supreme Court decides on review — will construe the Montana statutes that define the Commission's authority and the state constitutional provisions that govern the process due before an elected officer may be sanctioned or removed. Requiring this Court to superintend a parallel federal action about a subset of the same events, on a claim that has been overtaken by a suspension no party here can address, is precisely the duplication of effort that principles of comity counsel against.

Nothing about dismissal disturbs the concurrent-jurisdiction framework. *Atlantic Coast Line*, 398 U.S. at 295. Commissioner Molnar chose to file in two

forums; he now elects to consolidate his effort into the one that can decide the whole case. That is his prerogative, and it costs Defendants nothing.

## III. No conditions are warranted, and Rule 41(d) already protects Defendants.

Rule 41(a)(2) permits dismissal “on terms that the court considers proper.” No terms are needed here.

Defendants have incurred the ordinary expense of opposing two motions. That expense purchased them a favorable ruling on both. Because the state action is already pending and encompasses this controversy, dismissal does not expose Defendants to duplicated future expense; it ends their exposure in this forum.

If Commissioner Molnar were ever to refile these claims in federal court, Rule 41(d) supplies the remedy: the court “may order the plaintiff to pay all or part of the costs of that previous action” and “may stay the proceedings until the plaintiff has complied.” Fed. R. Civ. P. 41(d). That protection attaches automatically. There is no reason to front-load it as a condition of dismissal now.

## IV. The order should confirm that nothing has been adjudicated on the merits.

Commissioner Molnar respectfully requests that the order granting dismissal state expressly that (a) the dismissal is without prejudice; (b) no claim or issue in

this action has been adjudicated on the merits; and (c) the Court's June 25, 2026 Order was a preliminary determination on the record then before it, as that Order itself states.

This is a recitation of settled law, not a special dispensation. A preliminary injunction "is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits," and "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). It is "generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." *Id.*

The June 25 Order says as much on its face. It denied relief "[b]ased on the current record," (Doc. 44 at 1, 41), reasoned that the Supreme Court's formulation in *Hartman v. Moore* "captures what the record shows at this stage," (*id.* at 23), concluded that "[o]n this record, Molnar's claim fails at this final step," (*id.* at 25), and declined to reach the remaining *Winter* elements because it "need not address" them, (*id.* at 37). It then directed the parties to a discovery plan and contemplated a future motions deadline and trial date. (*Id.* at 41.)

Nor does a Rule 41(a)(2) dismissal without prejudice alter that character. The Supreme Court has explained that Rule 41(a) "makes clear that an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice,'"

and that "[t]he primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Commissioner Molnar asks for no more than the same clarity, so that an order entered for reasons of judicial administration is not later characterized as a disposition of anything.

## CONCLUSION

Commissioner Molnar respectfully requests that the Court dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), without conditions, and that the order so state.

DATED: August 27, 2026

Respectfully submitted,
MONFORTON LAW OFFICES

/s/ Matthew G. Monforton
Matthew G. Monforton
Attorneys for Plaintiff

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document, excluding caption, tables and certificate of compliance, contains 2560 words, as determined by the word processing software used to prepare this document, specifically Microsoft Word 2007.

DATED: August 27, 2026

Respectfully submitted,
MONFORTON LAW OFFICES

/s/ Matthew G. Monforton
Matthew G. Monforton
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 27th day of August, 2026, that a copy of the foregoing will be delivered this day via the Court's ECF system to Defendants.

DATED: August 27, 2026

Respectfully submitted,
MONFORTON LAW OFFICES

/s/ Matthew G. Monforton
Matthew G. Monforton
Attorneys for Plaintiff