Natasha Prinzing Jones
Thomas J. Leonard
BOONE KARLBERG P.C.
P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
npjones@boonekarlberg.com
tleonard@boonekarlberg.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| BRAD MOLNAR,<br><br>Plaintiff,<br>vs.<br><br>JEFF WELBORN, in his official capacity as a member of the Montana Public Service Commission; JENNIFER FIELDER; in her official capacity as a member of the Montana Public Service Commission; ANNIE BUKACEK, in her official capacity as a member of the Montana Public Service Commission;<br><br>Defendants. | Cause No. CV-26-41-H-DWM<br><br>**DEFENDANTS' REPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |

Defendants do not oppose the dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(a)(2). Defendants do oppose, however, the additional relief Molnar seeks in Part IV of his brief, where he asks the Court to declare, as part of the dismissal order, that "no claim or issue in this action has

been adjudicated on the merits." (Doc. 55 at 11-13.) That request should be denied.

A dismissal without prejudice carries its own settled legal meaning, and it needs no gloss. Fed. R. Civ. P. 41(a)(2). Part IV is not really about the dismissal; it is about the state case. Molnar wants a federal-court declaration in hand to head off any argument, in the state proceeding, that the June 25 findings carry issue-preclusive weight. But the preclusive effect of a judgment or order is determined by the court in which preclusion is asserted. It is not the province of the rendering court, on the losing party's motion, to issue an advisory characterization of what its own interlocutory order does or does not preclude in another forum. *See, e.g., Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) ("[A] court does not usually 'get to dictate to other courts the preclusion consequences of its own judgment,' because "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court." (emphasis original)); *MK Hillside Partners v. Comm'r of Internal Revenue*, 826 F.3d 1200, 1207 n. 7 (9th Cir. 2016) (declining to issue holding on preclusive effect because "[o]rdinarily both issue preclusion and claim preclusion are enforced by awaiting a second action in which they are pleaded and proved by the party asserting them").

If Molnar believes the June 25 Order has no preclusive effect, he is free to make that argument where the question arises; nothing in a Rule 41(a)(2) dismissal requires this Court to decide it for him now, and the Court should decline to do so.

DATED this 31st day of August, 2026.

BOONE KARLBERG P.C.

*/s/ Natasha P. Jones*
Natasha P. Jones
*Attorneys for Defendants*